DANAHY, Judge,
dissenting.
I dissent. In its effort to avoid exalting form over substance, the majority finds substance where there is none. In doing so, it sends the wrong message to those entrusted with the duty of protecting the rights of children in dependency proceedings.
After specifying a ninety-day period within which an adjudicatory hearing must be held, the rule provides that the court may extend that period of time after hearing, on a finding that the interests of justice will be served by such an extension. The rule specifies that the order will recite the reasons for such extension. In the case before us, the order in question reads in its entirety as follows:
ORDER FOR CONTINUANCE
This cause having come on before me upon the joint stipulation of counsel for the petitioner, the respondent, the guardian ad litem, the father of the child, and the State of Florida, and the court being otherwise duly advised in the premises, it is, thereupon
ORDERED AND ADJUDGED that this matter is to be continued for the purposes of compliance with the provisions set forth in the joint stipulation filed herein. Further, this matter shall be set for judicial review within sixty days of February 18, 1982.
The majority categorizes this order as functionally equivalent to an extension and asserts that the order includes the findings required by the rule. I do not agree that the above order can be so interpreted. The result reached by the majority leaves the rule without meaning. We should not be so concerned with appellee’s position in this matter and whether she is attempting to take advantage of technicalities. The rule was designed to protect the rights of children as well as parents, and it is the child’s right to a speedy trial in this case which has been overlooked. That right of the child has for its foundation the right not to be unduly separated from her parents. Chapter 39 specifically provides that one of its purposes is to “preserve and strengthen the child’s family ties whenever possible.” § 39.001(2)(c), Fla.Stat. (1981).
Hard cases make bad law. I am very much aware that an affirmance in this case might mean that this three-year-old child is returned to the custody of persons who may have abused her. In my view, however, this court has no choice but to apply rule 8.180 as it clearly provides. Either the child’s guardian ad litem or HRS, the agency designated by the legislature as the state agency charged with the duty of acting to protect an abused child, could have requested an extension of time specifically authorized by the rule when “the interest of justice will be served.” They did not do so and this court should not condone such laxity in safeguarding the rights of children.
The experienced trial judge who entered the above order of March 10, 1982, and the *973 subsequent order which dismissed the petition, determined that the rule had not been complied with. We should affirm that determination.